**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1664-17T1

JOSE R. RODRIGUEZ,

     Appellant,

v.

BOARD OF REVIEW
and KO & JV BROTHERS
CORPORATION,

     Respondents.

_____

Submitted December 13, 2018 – Decided March 29, 2019

Before Judges O'Connor and DeAlmeida.

On appeal from the Board of Review, Department of Labor, Docket No. 129,897.

Jose R. Rodriguez, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Marolhin D. Mendez, Deputy Attorney General, on the brief).

Respondent KO & JV Brothers Corporation has not filed a brief.

PER CURIAM

Petitioner Jose Rodriguez appeals from the October 27, 2017 decision of the Board of Review (Board) finding him ineligible for unemployment benefits because he left his job voluntarily without good cause attributable to his work. We affirm.

I.

The following facts were derived from the record. Rodriguez was employed as a truck driver by respondent KO & JV Brothers Corporation. In May 2017, Rodriguez was involved in a motor vehicle accident while driving at work, rear-ending a car and causing damage. Approximately four weeks later, Rodriguez fell asleep behind the wheel while driving at work, causing damage to a company vehicle. On June 18, 2017, Rodriguez resigned, telling his employer that he believed the accidents were related to a medical condition and, as a result, he could not perform his duties as a driver because he was "too scared to get behind the wheel." Four months later, in October 2017, Rodriguez was diagnosed with sleep apnea.

On July 2, 2017, Rodriguez applied for unemployment benefits. On September 6, 2017, the Deputy Director, Division of Unemployment and Disability Insurance (Deputy) concluded Rodriguez was disqualified for

benefits as of June 18, 2017, because he left his job voluntarily without good cause attributable to the work. Rodriguez appealed that determination to the Appeal Tribunal.

During a telephonic hearing, Rodriguez testified that he resigned because he was fearful of driving long trips, given his tendency to fall asleep. Although he "wanted to do more local driving which did [not] pay [him] much," his employer did not "have many local runs." The Appeal Tribunal issued a decision upholding the determination that Rodriguez is disqualified for unemployment benefits, but set a disqualification period beginning June 4, 2017. The Appeal Tribunal explained that it had "no doubt that [Rodriguez] was diagnosed by a medical profession[al] for [sic] sleep apnea however, if a claimant testifies that his leaving is due to a medical condition[, t]he claimant must show unequivocal medical evidence indicating that his job caused or aggravated his condition."

Rodriguez appealed the Appeal Tribunal's decision to the Board. On October 27, 2017, the Board upheld the decision of the Appeal Tribunal. On December 6, 2017, the Board denied Rodriguez's motion for reconsideration.[1] This appeal followed.

---

[1] Because Rodriguez does not raise any argument regarding the Board's denial of reconsideration, we consider the issue waived. "[A]n issue not briefed is

## II.

Our review of decisions by administrative agencies is limited, with those challenging a decision carrying a substantial burden of persuasion. In re Stallworth, 208 N.J. 182, 194 (2011). An agency's determination must be sustained "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Hermann, 192 N.J. 19, 27-28 (2007)). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result[.]'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). The burden of proof rests with the employee to establish a right to collect unemployment benefits. Brady v. Bd. of Review, 152 N.J. 197, 218 (1997).

Under N.J.S.A. 43:21-5(a), a person is ineligible for unemployment benefits if he or she leaves "work voluntarily, without good cause attributable to such work[.]" N.J.A.C. 12:17-9.3 establishes three categories applicable

---

deemed waived." Pressler and Verneiro, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019); Telebright Corp. v. Dir., Div. of Taxation, 424 N.J. Super. 384, 393 (App. Div. 2012).

A-1664-17T1

when an employee leaves work for reasons related to a medical condition. First, an employee "who leaves work because of a disability which has a work-connected origin is not subject to disqualification for voluntarily leaving work, provided there was no other suitable work available which the individual could have performed within the limits of the disability." N.J.A.C. 12:17-9.3(a). Second, an employee

> who leaves a job due to a physical . . . condition . . . which does not have a work-connected origin but is aggravated by working conditions will not be disqualified for benefits for voluntarily leaving work without good cause 'attributable to such work,' provided there was no other suitable work available which the individual could have performed within the limits of the disability. When a non-work connected physical . . . condition makes it necessary for an individual to leave work due to an inability to perform the job, the individual shall be disqualified for benefits for voluntarily leaving work.
>
> [N.J.A.C. 12:17-9.3(b).]

Finally, "an individual who has been absent because of a personal illness or physical . . . condition shall not be subject to disqualification for voluntarily leaving work if the individual has made a reasonable effort to preserve his or her employment, but has still been terminated by the employer." N.J.A.C. 12:17-9.3(c). In each of these instances, "[w]hen an individual leaves work for

health or medical reasons, medical certification shall be required to support a finding of good cause attributable to work." N.J.A.C. 12:17-9.3(d).

The record contains substantial credible evidence supporting the Board's conclusion that Rodriguez did not establish that he was entitled to unemployment benefits under any of the three categories set forth in N.J.A.C. 12:17-9.3. Rodriguez offered no evidence that his sleep apnea was caused by driving a truck. The cause of his illness was not addressed at the hearing. He did not, therefore, establish an entitlement to benefits under N.J.A.C. 12:17-9.3(a).

In addition, Rodriguez did not provide credible evidence that driving a truck aggravated his condition. No medical evidence was introduced at the hearing other than Rodriguez's description of his condition. Rodriguez did, however, tell the hearing officer that he would attempt to have his treating physician fax a written statement to the hearing officer by the end of the day of the hearing. It is not clear if Rodriguez was successful in this undertaking. Attached to the notice of appeal, however, are two letters signed from Dr. Zarina Nestor regarding Rodriguez's medical condition. Both letters are dated October 5, 2017, the date of the Appeal Tribunal hearing. One of the letters states that "[d]riving long periods of time may aggravate his sleep apnea." There is no

indication that the letters were faxed to the Appeal Tribunal, and there is no mention of the letters in its decision. The statement of items comprising the record on appeal does not refer to any statements from a physician. It is not clear, therefore, if the Appeal Tribunal received or considered the letters.

Our review of the letters, however, leads us to conclude that, even if they were submitted to and considered by the Appeal Tribunal, they do not contain an unequivocal medical opinion that Rodriguez's medical condition was aggravated by his job. Neither letter is certified. They do not, therefore, appear to satisfy the requirement in N.J.A.C. 12:17-9.3(d) that an employee produce a "medical certification" to establish an entitlement to benefits related to a medical condition. In addition, while one letter includes a statement that driving long periods "may" aggravate Rodriguez's condition, the physician who signed the letter did not definitively state that Rodriguez's condition was aggravated by his position as a truck driver. The letter does not define "long periods" or indicate knowledge on the part of the physician of the conditions of Rodriguez's job, in particular the length or frequency of his driving assignments. While we recognize that it was reasonable for Rodriguez to voluntarily leave his position because of the potential danger posed by him driving with his medical condition, we cannot conclude on this record that it was arbitrary, capricious, or

unreasonable for the Board to conclude that Rodriguez did not establish that his condition was aggravated by his job under N.J.A.C. 12:17-9.3(b).

Nor does the record contain credible evidence that Rodriguez was terminated for absences associated with a medical condition, as is addressed in N.J.A.C. 12:17-9.3(c). At best, the evidence adduced at the hearing suggested that Rodriguez and his employer reached a mutual agreement that his medical condition made his driving a truck too dangerous.

Finally, even if Rodriguez had produced sufficient evidence that his medical condition was aggravated by his job, he did not establish that there was no other suitable work available at his employer that he could have performed despite his medical condition. Rodriguez testified that he had hoped to be assigned to drive a truck on shorter, local runs. Although Rodriguez testified that those assignments paid less and were less numerous than longer runs, he produced no specific evidence that he attempted to secure from his employer a sufficient number of the shorter runs to remain employed, or that he explored any other suitable positions at his employer.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1664-17T1